## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 19, 1918.

W. SIDNEY McCONNELL
VS.
LILLIAN M. McCONNELL.

*Charles B. Hoffman* for plaintiff.
*J. Richard Standiford* for defendant.

SOPER, J.—

In this case the wife is charged with adultery. This charge has been fully proved and is also admitted by the defendant. She, however, sets up the defense of connivance on the part of her husband. By this is meant the consenting by the husband to the evil conduct on the part of the wife. The case is quite unusual in that there is practically no conflict of testimony, and it is only necessary to determine upon the facts disclosed by the witnesses whether it can be fairly said that the husband connived at or consented to the commission of the act on the part of his wife. It appears that Mr. and Mrs. McConnell, the husband and wife in this case, and Mr. and Mrs. Walsh, all young people of about the same age, were frequently in each other's company at their respective homes. In some way it became the practice of the quartette when in each other's company, that each husband should be particularly attentive to the lady who was not his wife. There was no conceal-ment of this, but it went so far as to take the form of demonstrations of affection of each man for the wife of the other of a very pronounced type. During the course of an acquaintance of several months when the couples met weekly, or more frequently, it was the continual practice that each man would hug and kiss the other man's wife. Indecent stories were told. Sometimes at night the lights were extinguished and the couples continued their lovemaking in the darkness. Very frequently, if not always, the couples would separate in the course of the evening, so that Mr. McConnell and Mrs. Walsh would occupy one room and Mrs. McConnell and Mr. Walsh another, often with the door closed between. The purpose seems to have been that the lovemaking might be continued, although McConnell declares that so far as he was concerned the lovemaking ceased when he went into the separate room and that he had no idea that his wife was engaged in anything more improper than took place in his presence.

The expected happened under these circumstances. It was not very long before Mr. Walsh and Mrs. McConnell became criminally intimate, and because of this intimacy her husband seeks the divorce. Under the circumstances, it seems to me that the defense of connivance is maintained and that the bill of complaint of the husband must be dismissed. It is certainly true that he knowingly permitted affectionate manifestations between his wife and Walsh of an extraordinary character, and, indeed, encouraged her indulging in the same sort of thing himself with Mrs. Walsh. It is suggested by his counsel that there is no connivance in this case to the acts of adultery unless his conduct amounted to a consent on his part to such familiarities between Mrs. McConnell and Walsh as would reasonably lead him, McConnell, to believe that adulterous intercourse would result. It does not seem to the court that any person of ordinary common sense can doubt for a moment that such familiarities as have been described would naturally lead to intercourse between the parties. McConnell must be presumed to have intended the natural and probable consequences of his conduct, and the consequences which ensued in this case were certainly to be expected. A decree will be signed dismissing the bill of complaint.